UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONALD EASON,

        Plaintiff,

v.

                                  Case No. 20-12252

GRETCHEN WHITMER,
JONATHAN BRATER, and
JOCELYN BENSON,

        Defendants.
_____/

### OPINION AND ORDER DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND SETTING A PRELIMINARY INJUNCTION HEARING

Plaintiff Donald Eason is campaigning as an independent candidate for the United States House of Representatives in Michigan's 13th congressional district. He has filed a two-count complaint alleging violations of his First and Fourteenth Amendment rights as a candidate and a registered voter based on the impact of certain Michigan ballot access laws in combination with the effects of executive orders issued by the Governor in response to the COVID-19 pandemic. Currently pending before the court is Plaintiff's motion for a temporary restraining order and/or preliminary injunction seeking to enjoin Defendants Gretchen Whitmer, Jocelyn Benson, and Jonathan Brater from enforcing the signature requirement and filing deadline laws outlined in M.C.L. §§ 168.133 and 168.544 in order to provide Plaintiff "with the same or similar accommodations given to major party candidates." (ECF No. 2, PageID.16.)

To obtain the extraordinary remedy of a TRO, Plaintiff must "clearly show that immediate and irreparable injury, loss, or damage will result . . . before [Defendants] can

be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Specifically, the court must consider four factors: "(1) [W]hether [Plaintiff] has a strong likelihood of success on the merits, (2) whether [Plaintiff] would suffer irreparable injury absent a stay, (3) whether granting the [relief] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [relief]." *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quotation removed). Upon review of the record as it stands, the court is not persuaded that Plaintiff is entitled to the extraordinary remedy of a TRO.

Plaintiff's argument is not a model of clarity, but appears to be that because other election-related deadlines and requirements have been altered in response to the COVID-19 pandemic, so too should certain requirements be eliminated as they create impediments to placing Plaintiff on the ballot. (ECF No. 2, PageID.25-26.) Plaintiff contends that "there is no compelling or legitimate state interest for Defendants' insistence on enforcing the Ballot Access Statutes." (*Id.* at PageID.29.) The court is not persuaded by such broad generalizations.

Election regulations in a general sense are necessary to ensure that elections run smoothly and fairly. With respect to signature requirements, there exists ample precedent recognizing that states have an important interest in ensuring that candidates amass "a significant modicum of support" before printing their name on the ballot. *Jenness v. Fortson*, 403 U.S. 431, 442, (1971); *see also American Party of Texas v. White*, 415 U.S. 767, 783 (1974); *Munro v. Socialist Workers Party*, 479 U.S. 189, 194 (1986); *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 367 (1997); *Libertarian Party of Ky v. Grimes*, 835 F.3d 570, 577 (6th Cir. 2016). While ballot access laws do "place burdens on two different, although overlapping, kinds of rights – the right of

individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively[,]" *Williams v. Rhodes*, 393 U.S. 23, 30-31 (1968), "[t]his does not mean . . . that all state restrictions on political parties and elections violate the Constitution." *Libertarian Party of Ohio v. Blackwell*, 462 F.3d 579, 585 (6th Cir. 2006). Based on the limited information before the court at this early stage in the proceedings, the court cannot conclude that Plaintiff has a likelihood of success on the merits of his claim that the challenged laws place an unconstitutional burden on him. The public would not be served by granting the requested relief and certainly not "before [Defendants] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Accordingly,

IT IS ORDERED that Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 2) is DENIED IN PART. It is DENIED with respect to Plaintiff's request for a TRO.

IT IS FURTHER ORDERED that a hearing on Plaintiff's request for a preliminary injunction is set for **September 10, 2020 at 10:00 AM**. Defendants' responses to Plaintiff's request for a preliminary injunction must be filed by **September 2, 2020.**

s/Robert H. Cleland            /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 21, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner            /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\HEK\Civil\20-12252.EASON.tro.HEK.RHC.docx

3